# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**FRANKLIN DEWAYNE MILLER**                                        **PLAINTIFF**

**v.**                                        **CAUSE NO. 1:14CV378-LG-RHW**

**CAROLYN COLVIN, Acting Commissioner**
**of the Social Security Administration**                          **DEFENDANT**

### MEMORANDUM OPINION AND ORDER
### ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING APPEAL

BEFORE THE COURT is the Memorandum and Recommendation [14] of

United States Magistrate Judge Robert H. Walker entered in this cause on

November 17, 2015.  Magistrate Judge Walker recommends that the Court affirm

the decision of the Commissioner to deny plaintiff Miller's application for disability

benefits.  Miller has filed an objection to the Recommendation, and the

Commissioner filed a response.  After a thorough review of the administrative

record, the pleadings submitted by the parties, and the applicable law, the Court

adopts the Report and Recommendation and affirms the decision of the

Commissioner.

### BACKGROUND

Franklin Dewayne Miller filed applications for Social Security disability

benefits in 2011, alleging he became disabled on April 21, 2010 at the age of fifty-

four from the effects of cerebrovascular disease and affective/mood disorders.  His

claim was conclusively denied by the Commission on July 14, 2014, and he now has

appealed that decision.

Miller is presently fifty-nine years old.  He completed a tenth-grade education and worked as a pipefitter, commercial fisherman, and most recently, a truck driver. He contends he became disabled after suffering a stroke on April 21, 2010, and now suffers from shortness of breath and sleep apnea, and takes two blood pressure pills daily.  He is primarily treated by Dr. Tanya Smith, whom he has seen every two or three months since January 2011.

A vocational expert testified that Miller could no longer work in his previous occupations, but he could perform work of a routine, repetitive nature at a medium exertional level and with a moderate level of supervision.  The VE identified work as a commercial cleaner, kitchen helper and hand packer as jobs available in the national economy that Miller could perform.

## STANDARD OF REVIEW

In an appeal from a decision by the Commissioner, the Court's review is limited to (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).  "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance.  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.  In applying this standard, we may not re-weigh the evidence or substitute our judgment for that of the Commissioner." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th

Cir. 2000)).  It is for the Commissioner to weigh the evidence and to resolve any conflicts.  *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).  If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The Court referred the case to the Magistrate Judge for a report and recommendation.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Any party adversely affected by the recommendation issued may file written objections within fourteen (14) days of being served with the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  A party that files a timely objection is entitled to a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. *United States v. Raddatz*, 447 U.S. 667, 673 (1980).  The objections must specifically identify those findings or recommendations to which objections are being made.  The district court need not consider frivolous, conclusive, or general objections.  *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  Moreover, where the objections are repetitive of the arguments already made to the Magistrate Judge, a *de novo* review is unwarranted.  *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).  Instead, the report and recommendation is reviewed by the district judge for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315-16 (4th Cir. 2005); *see also Camardo v. Gen. Motors Hourly Rate Emp.'s Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to . . . submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and

positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a second bite at the apple when they file objections to a R & R."). A court is not required to make new findings of fact independent of those made by the Magistrate Judge. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000). Nor is a court required to reiterate the findings and conclusions of the Magistrate Judge. *Koetting*, 995 F.2d at 40.

ANALYSIS

**1. The Commissioner's Review**

In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether "(1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) (citing *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987)). If, at any step, the claimant is determined to be disabled or not disabled, the inquiry ends. *Id.* at 448 (citing *Lovelace*, 813 F.2d at 58). The burden of establishing disability rests with the claimant for the first four steps and then shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant is able to perform. *Id.*

Here, with respect to the first step, the ALJ found that Miller had not engaged in substantial gainful activity since January 31, 2011. With respect to the

-4-

second step, the ALJ found that Miller suffers from severe impairments, i.e.,
depression, anxiety, obesity, and chronic obstructive pulmonary disease (COPD).
Because these impairments do not meet or equal, either singly or in combination,
one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the ALJ
determined Miller's residual functional capacity (RFC).  She concluded that Miller
could perform medium work consisting of routine repetitive tasks with a moderate
level of supervision.  Based on this finding, the ALJ concluded at the fourth step that
Miller could not perform his past relevant work as a pipefitter, commercial
fisherman or truck driver, but there were jobs existing in significant numbers in the
national economy that he could perform.  The ALJ accordingly found that Miller has
not been under a "disability" as defined in the Social Security Act and accompanying
regulations at any time.

### 2.  The Appeal

In his appeal, Miller contends that 1) the ALJ's residual functional capacity
analysis was not supported by substantial evidence; 2) the ALJ failed to fully and
fairly develop the record of Miller's impairments; 3) the ALJ's credibility
determination was not supported by substantial evidence; and 4) the ALJ did not
incorporate all of Miller's impairments into the questions she asked of the vocational
expert.  Magistrate Judge Walker set out the relevant facts of this case and legal
standards, which will not be repeated here, applied the facts to the legal standards,
and recommended that the Court affirm the ALJ's determination.  Judge Walker
determined that substantial evidence supported each of the ALJ's decisions, and

therefore the decision of the Commissioner should be affirmed.

### 3. The Objections

Miller raised two objections to Magistrate Judge Walker's analysis and conclusions. First, Miller contends it was reversible error for the ALJ to fail to assess the impact of Dr. James Crosthwait's environmental restrictions on Miller's ability to work, because the restrictions are inconsistent with Miller's RFC. Miller objects to the Magistrate Judge's failure to explicitly address this argument in the Report and Recommendation. Second, Miller contends that the Magistrate Judge did not give adequate consideration to his argument concerning the weight given by the ALJ to the opinion of Dr. Jesse Dees. Miller argues it was reversible error for the ALJ to assign "great weight" to Dr. Dees' opinion but then ignore the limitations therein when arriving at Miller's RFC.

By making these objections, Miller essentially seeks reconsideration of arguments he made to the Magistrate Judge, making *de novo* review unwarranted. *Koetting*, 995 F.2d at 40. The Court will review the Report and Recommendation for clear error, briefly discussing each of Miller's objections.

#### *The Environmental Restrictions*

Miller first asserts that the ALJ should not have found that there were jobs Miller could perform, because Dr. Crosthwait, a medical consultant, restricted Miller from concentrated exposure to fumes, odors, gasses, poor ventilation, and other hazards. Miller argues that the ALJ should have included these restrictions in the hypothetical question she gave to the vocational expert, because the vocational

expert identified some jobs available to Miller that involve exposure to chemicals and/or fumes.[1]

The Magistrate Judge did not commit error by failing to discuss Dr. Crosthwait's assessment. As the Commissioner argues, Dr. Crosthwait based his assessment on COPD testing at which Miller was noted to have given poor effort. (*See* Decision, A.R. 28, ECF No. 11). The ALJ discussed the lack of objective medical evidence concerning the alleged severity of Miller's COPD symptoms. Miller's last examination, occurring after Dr. Crosthwait's assessment, showed clear lungs and a regular heart rate. (*Id.* at 29). The fact that Miller suffers from COPD, a "severe" impairment, does not equate to limitations on his ability to work. *Gutierrez v. Barnhart*, No. 04-11025, 2005 WL 1994289, at *9 (5th Cir. Aug. 19, 2005). The ALJ was not required to include limitations in a hypothetical that she found to be unsupported by the medical evidence. *Carpenter v. Comm'r of Soc. Sec.*, 614 F. App'x 482, 490 (11th Cir. 2015); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (the ALJ is only required to submit credibly established limitations to the vocational expert).

*The Opinion of Dr. Dees*

Miller objects to the level of consideration the Magistrate Judge gave to his argument that the ALJ erred in considering the opinions of Dr. Dees. The ALJ stated that she gave great weight to certain opinions of Dr. Dees, as the state agency

---

[1] None of the job descriptions provided by Miller include *concentrated* exposure to chemicals or fumes, which was the limitation noted by Dr. Crosthwait.

opinions of Miller's mental impairments.  (*See* Decision, A.R. 31, ECF No. 11).

Miller argues that the ALJ could not properly assign "great weight" to Dr. Dees'

opinion but then ignore the limitations therein when arriving at Miller's RFC and

during the vocational expert's testimony.  This is not the appropriate standard.

"Even where an ALJ provides 'great weight' to an opinion, there is no requirement

that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ

required to adopt the state agency psychologist's limitations wholesale." *Reeves v.

Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015).  There was no error in the

Magistrate Judge's brief treatment of a non-meritorious point.

### Conclusion

For the reasons stated above, the Court finds that the objections to the

Magistrate Judge's Report and Recommendation should be overruled.  The Report

and Recommendation will be adopted as the findings of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and

Recommendation [14] entered by United States Magistrate Judge Robert H. Walker

on November 17, 2015, is **ADOPTED** as the findings and conclusions of this Court.

This case is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 8th day of January, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

-8-